UNITED STATES

v.

Joseph DAVIS, Ida Davis, Jerry McCutcheon.

Crim. No. 147–64.

United States District Court
District of Columbia.

April 13, 1965.

Richard M. Coleman, Asst. U. S. Atty., Washington, D. C., for the United States.

De Long Harris, Washington, D. C., and Annice McBryde, Detroit, Mich., for defendants Davis.

John A. Shorter, Jr., Washington, D. C., for defendant McCutcheon.

PINE, District Judge.

Defendant Joseph Davis has moved to be enlarged on bail pending appeal.

 There is no constitutional right to such release, but Rule 46(a)(2), Fed. R.Crim.P., provides that such bail may be allowed "unless it appears that the appeal is frivolous or taken for delay."

After nearly two weeks of trial, in which numerous motions and objections were made, I cannot say that an appeal would be frivolous, nor at this stage can I say that this motion is taken for delay.

Rule 33(f) of the United States Court of Appeals for this Circuit provides that in addition that that Court may consider, among others, as a factor in determining whether bail should be allowed, "whether the safety of the community would be jeopardized."

Mr. Justice Douglas, in Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962), while sitting as a circuit justice in an application for bail pending

appeal stated that it would be irresponsible judicial action to grant bail if the safety of the community would be jeopardized, and cited this rule of the Court of Appeals for this Circuit to support his view. Also, in his opinion he referred to the case of United States ex rel. Estabrook v. Otis, 8 Cir., 18 F.2d 689, 690, in which the following statement was made on this subject: "Bail should not be granted where the offense of which the defendant has been convicted is an atrocious one, and there is danger that if he is given his freedom he will commit another of like character."

The Chief Justice of the United States in an application for bail pending disposition of a case in the Court of Appeals for the District of Columbia construed the rule authorizing bail pending appeal in this manner: If the appeal is not frivolous and not taken for delay, bail should ordinarily be granted except "in cases in which, from substantial evidence, it seems clear that the right to bail may be abused or the community may be threatened by the applicant's release." Leigh v. United States, 82 S.Ct. 994, 8 L.Ed.2d 269 (1962).

▪ The appeal not appearing to be frivolous and not taken for delay, I have before me, therefore, only one question, namely: Whether the community may be threatened by defendant's release, or the safety of the community would be jeopardized.

From the presentence report, the evidence at the trial, and the opposition of the District Attorney, it appears that defendant has an extensive criminal record, has been living outside the law for many years, his principal income being derived from the operation of a numbers enterprise and the sale of narcotics.

He is not an addict, but a wholesale dealer in narcotics on a large scale. It was his practice to sell to middlemen, who sold to the salesmen or "pushers" as they are called in the vernacular, for sale to the ultimate consumers. In this manner defendant has attempted to insulate himself from detection through intermediaries, and left the small, shabby vendors, who are frequently also addicts, to face the rigors of the law.

With this background would the community be threatened and would the safety of the community be jeopardized by his release?

He has had several convictions in the past, including burglary and sale of narcotics, and he would not appear to be dangerous in the sense of a murderer, a rapist or an armed robber; but when I consider the appealing distress, wretchedness and dire misery, sometimes beyond belief, which I have encountered in the performance of my official duties, stemming from this illicit traffic in narcotics for private gain, and further, when I consider the large number of persons ultimately affected by the activities of a wholesale supplier, I believe that the community would be threatened and its safety would be jeopardized, perhaps more than it would be in the case of a man of extreme violence, whose field of operations would be limited.

Of course, this presupposes that defendant would resume his operations. No one can be certain of that, nor can one be certain that a man of violence would resume his life of violence, but it is equally as likely, and perhaps more likely, in the case of a purveyor of narcotics whose livelihood will depend on continuing this past pattern of his life.

There is one other matter that deserves mention, and it is this: One of the purposes of punishment is its deterring effect on others. This is a violation of the law which preys on the weaknesses of mankind. It is a planned, organized, syndicated type of crime. Many persons will undoubtedly hear of defendant's conviction, and if released on bail pending appeal and in a few days he is seen in his usual haunts, and not incarcerated, the uninformed will believe that in some manner he has circumvented the law and

these similarly disposed will be encouraged to enter into, or continue in, this vicious type of criminal enterprise, and the deterrent effect will be immeasurably lessened.

Accordingly, I deny the motion.