UNITED STATES of America, Plaintiff,

v.

Haywood ERWING, Jr., Defendant.

Crim. No. 40370.

United States District Court
N. D. California.
March 22, 1967.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for plaintiff.

Robert A. Ward, Jr., Los Angeles, Cal., for defendant.

## MEMORANDUM AND ORDER ON BAIL ON APPEAL

OLIVER J. CARTER, District Judge.

After sentencing defendant to concurrent fifteen year terms of imprisonment for conviction on three counts of an indictment charging a violation of 21 U.S.C. § 174, the sale of heroin, a narcotic drug, the Court fixed bail on appeal at $20,000. On March 16, 1967, the government made an ex parte motion to set aside bail on appeal because defendant had been arrested on March 15, 1967, and complaints were filed against him before the United States Commissioner in San Francisco on March 16, 1967, charging defendant with violations of 21 U.S.C. § 174, the concealment of heroin, and 18 U.S.C. § 1071, the concealing of a person from arrest. The matter was set for hearing on March 20, 1967, when defendant appeared with counsel and opposed the motion to set aside.

The question now before the Court is whether defendant's bail in criminal number 40370 should be revoked. The Bail Reform Act of 1966 provides in per-

tinent part that a convicted person who is pursuing an appeal is entitled to bail "unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained." 18 U.S.C. § 3148.

The government urges as the sole ground for revocation of bail that the defendant, because of his continuing association in the narcotic traffic, poses a real danger to the safety of the community. The defendant, in opposition to this motion, asserts that the terms used in the new legislation were not intended to apply to non-violent narcotic offenders, but are limited only to those cases where there is a threat of physical violence to a person or to the community at large, and are inapplicable here.

■ The law prior to the enactment of the Bail Reform Act is clear in the following respects: First, although bail is mandatory in non-capital cases prior to trial, it is discretionary with the Court subsequent to conviction. Opinion of Mr. Justice Douglas on bail hearing in Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962). Secondly, the risk of the applicant using release on bail as the occasion to escape does not exhaust the conditions that may warrant denial of bail. The likelihood of the defendant committing further unlawful acts while on bail is a legitimate factor to be taken into consideration by the Court in exercising its discretion. United States v. Wilson, 257 F.2d 796 (2d Cir. 1958). And finally, where defendant is in the narcotics traffic and it is considered likely that he will resume his illegal activities once released on bail so as to endanger the safety of the community, then bail should properly be denied. Hansford v. United States, 122 U.S.App.D.C. 320, 353 F.2d 858 (D.C.Cir.1965).

Does the language of the Bail Reform Act alter the practices followed by the courts as outlined above? Specifically, was it the intent of Congress, as defendant now claims, to give a more restrictive definition to the words "pose a danger to the community" so as to limit their application to cases where there is only the threat of physical violence?

An examination of the legislative history indicates no such purpose. In discussing Section 3148, the Senate Report setting forth the legislative history states the following:

"This section treats those accused of capital offenses and convicted persons differently from persons accused of noncapital offenses. This section accordingly provides that such persons are presumptively to be released under section 3146, but may be ordered detained if the circumstances indicate that release would not be advisable. Since there is no absolute right to bail in capital cases nor in the cases of convicted persons, the courts are empowered to elect to detain defendants in such cases." United States Code Congressional and Administrative News 1966, 89th Congress, Second Session, Vol. 2, page 2305.

If it were the intention of Congress to change the previous judicial interpretation by this section, there would have been some indication of this purpose and the legislative history would not read as broadly as it does above.

Furthermore, the only time that the relevance of committing additional offenses with respect to whether bail should be granted is mentioned is in the context of preconviction proceedings. In that connection the legislative history stated that "pretrial bail may not be used as a device to protect society from the possible commission of additional crimes by the accused." Id. at 2296. The Court believes that it is significant, in light of defendant's argument, that the limiting term "pretrial" is used.

■ Therefore, assuming that this Court is correct in its finding that section 3148 of the Bail Reform Act did not change existing law in this particular

area, we are still faced with the question of whether the defendant poses a danger to the community. For this purpose it is proper for the Court to take notice of defendant's presentence report, the evidence at the trial, and any criminal charges presently against him. United States v. Davis, 37 F.R.D. 450, 451 (D.C. D.C.1965).

 The defendant, while on preconviction bail in this action, was indicted in the Southern District of California on two counts of violating 21 U.S.C. § 174, smuggling and concealing heroin and cocaine, and two counts of violating 18 U.S.C. § 2, aiding and abetting in the smuggling and concealing of narcotics. A month earlier he had been arrested on suspicion of possession of narcotics other than marijuana, but on the motion of the District Attorney these charges were dropped.

On March 16, 1967, the defendant was brought before the United States Commissioner for the Northern District of California and charged with violating 18 U.S.C. § 1071, concealing person from arrest, and 21 U.S.C. § 174, concealing approximately 500 grams of heroin. Based on the sworn statement of facts made to the Commissioner by a narcotics agent, he found that there is probable cause to believe that the above offenses had been committed and that the defendant named herein committed them. Certified copies of the complaints are a part of the record in these proceedings.

At the time this Court allowed defendant to be released on bail pending his appeal, it was made perfectly clear to him that he must forego all associations with the narcotics traffic, and the Court received assurances from him that he would do so. It is not the function of this Court to find that defendant has or has not committed the new offenses charged. However, the Court cannot ignore the fact that there is reasonable cause to believe that the defendant is still engaged in his nefarious business. When this fact is placed alongside defendant's history of narcotics peddling then there is every reason to believe that if bail were not revoked the defendant would resume his harmful calling.

The community must be protected from violations of the law which prey on the weakness of mankind. A wholesale drug peddler, such as the defendant, exploits this weakness and, in doing so, certainly poses a danger to the welfare of the community.

For these reasons, and in light of the known character and conduct of the defendant, the Court in the exercise of its discretion believes that he should not be entitled to bail pending his appeal.

Accordingly, it is ordered that the bail previously set by this Court in this action be, and the same is hereby revoked and that defendant be remanded to the custody of the United States Marshal.