**UNITED STATES of America, Plaintiff,**

v.

**Haywood ERWING, Jr., Defendant.**

**Cr. No. 40370.**

United States District Court
N. D. California.

March 7, 1968.

---

Cecil F. Poole, U. S. Atty., Paul C. Sloan, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Michael W. Rotberg, Boyko & Simmons, Los Angeles, Cal., for defendant.

## MEMORANDUM AND ORDER DENYING REINSTATEMENT OF BAIL PENDING APPEAL

OLIVER, J. CARTER, District Judge.

The defendant has moved this Court for an order reinstating bail pending appeal. The Court has heretofore, on March 22, 1967, revoked bail on appeal upon an *ex parte* motion by the government and after a hearing. The Court filed its Memorandum and Order which is reported in 268 F.Supp. 877. Defendant made a motion to reinstate bail in the Court of Appeals for the Ninth Circuit which was denied with the sugges-

tion that defendant should have a hearing on his motion. Defendant has made his present motion to be reinstated to bail on appeal. Since the last motion in the District Court there has been considerable activity in the affairs of Haywood Erwing. First, what was a Commissioner's complaint has ripened into Indictment No. 41,300, charging Erwing in one Count with the concealment of heroin in violation of 21 U.S.C. § 174. The Indictment was returned on March 29, 1967, and bail was fixed at $10,000.00. Second, on October 12, 1967, Erwing was sentenced to a total term of twenty years imprisonment after being convicted of two Counts of a three Count Indictment, No. 37,003, in the Southern District of California. He has an appeal pending, and bail on appeal has been fixed at $10,000.00. Third, on July 5, 1967, a hearing was held on Erwing's motion to suppress in case No. 41,300. A transcript of the testimony at that hearing was offered into evidence by the government to show cause why bail should not be reinstated. The testimony of Agent John C. Wilkie, Jr., a nineteen year veteran with the Bureau of Narcotics, if believed, fully and completely implicates Erwing with attempting to flush a substantial quantity of heroin and a smaller quantity of cocaine down the toilet in the motel room of his co-defendant, Wanda Mitchell or Erwing, in Indictment No. 40,370. At the time of the arrest she was a fugitive from justice, and the agents had a warrant for her arrest. They also observed Erwing attempting to flush the narcotics down the toilet. Erwing's testimony is contradictory in that he denies being in the bathroom, or near the toilet. Wanda has been sentenced to a term of imprisonment of three years on her plea of guilty to a Harrison Act charge. She was not a witness on the hearing on the motion to suppress, nor was she a witness at the hearing on the motion to reinstate bail.

The Indictment from the Southern District of California alleges that the offenses there (violations of 21 U.S.C. §

174) were committed in the month of April, 1966, while the defendant was on bail awaiting trial on Indictment No. 40,370 in the Northern District of California. Indictment No. 41,300 in the Northern District of California alleges that the offense (a violation of 21 U.S.C. § 174) was committed on or about March 15, 1967, while the defendant was on bail on appeal from conviction under Indictment No. 40,370, and also while on bail on appeal from the conviction in the Southern District of California. Thus, he has been charged with narcotics violations involving the drug heroin twice while on bail. In addition, the defendant is the Haywood Erwing who was the appellant in Erwing v. United States, 296 F.2d 320 (Cir. 9, 1961), and Erwing v. United States, 323 F.2d 674 (Cir. 9, 1963), in which he reversed convictions of 21 U.S.C. § 174 violations for the concealment and transportation of the narcotic drug cocaine. The evidence showed activity by Erwing in the possession and transportation of the drug, but the convictions were ultimately reversed because of an improper instruction on the presumption of illegal importation which flowed from the fact of possession of the drug. Implicit in the second and later case was the assumption that the evidence was sufficient to establish possession of the drug by Erwing. The significance of these cases is that they tend to establish Erwing's prior connection with the drug traffic. When followed by two almost brazenly, contemptuous violations of the same drug statute while on bail, they, along with the strong evidence indicating probability of guilt of Indictment No. 41,300, and conviction in the Southern District of California, indicate a strong pattern of intentional narcotics violations which are a danger to the community. The Court reiterates what it said in its memorandum of March 22, 1967:

"The community must be protected from violations of the law which prey on the weakness of mankind. A whole-sale drug peddler, such as the defendant, exploits this weakness and, in doing so, certainly poses a danger to the welfare of the community." 268 F. Supp. 879.

In the prior memorandum the Court also said:

"At the time this Court allowed defendant to be released on bail pending his appeal, it was made perfectly clear to him that he must forego all associations with the narcotics traffic, and the Court received assurances from him that he would do so." 268 F.Supp. 879.

Thus the defendant was warned of the limitations on the right to bail on appeal, and continued to maintain his activity in the drug traffic.

■ Defendant argues that there is a heavy burden of proof on the government to prove that he comes within one of the disqualifying provisions of Section 3148. These disqualifying provisions are the probability of flight and posing a danger to any other person or to the community. He states, "Bail is precious enough a matter to grant the defendant herein an opportunity, perhaps conditioned by the Court's order requiring him to appear at regular intervals with the United States Marshal or another designated official, to have his freedom so that he may assist his attorneys in prosecuting his appeal." He further argues that the premise of the Court's prior memorandum, that it was a sufficient basis for revocation of bail when Erwing was charged with a new narcotics offense in a Commissioner's complaint, is untenable. Since the admission of the testimony in the transcript of the hearing on the motion to suppress, there is evidence which, if believed, makes a strong case of guilt against defendant. Therefore, the defendant is in the position of arguing that until the defendant is convicted of the last offense with which he is charged there is really no proof of his guilt, or, at least, the most that is left is an un-

resolved conflict between the testimony of the defendant and Agent Wilkie. Such an argument places too great a burden on the government and leaves too little to the discretion of the judge. The matter is ultimately one of discretion to be exercised by the judge upon the record, a record made up of evidence in its variety of forms, and in the case of the trial judge it may call upon an almost intangible appraisal of the whole case. As an example, in this case the defendant has been mentioned by his nickname "the Champ" as a source of supply for heroin in one narcotics case [1] tried before the judge who heard the bail reinstatement motion. The same judge also read and reviewed the probation presentence reports concerning the defendant, and concerning Wanda Mitchell, also known as Wanda Erwing, for the purpose of judgment and sentence. The testimony in the case is pure hearsay as to the defendant and the probation reports are not part of the record in this bail reinstatement proceeding, but they do represent information available to the judge before whom the proceeding is being conducted. They are not substantial evidence, nor are they evidence to establish a prima facie case, but they do constitute confirmatory information in the mind of the Court which may be considered for that purpose. Discretion is not exercised in a vacuum, nor does it represent a sterile concept which closes the mind of the judge to the relevant surrounding circumstances. What all this adds up to is that defendant is an apparently non-addicted unlawful trafficker in narcotics, who has continued to operate in the traffic while on bail for offenses charging narcotics violations. The evidence indicates that his participation in the illicit traffic has been of long duration, and his violations while on bail have been repetitive. These facts lead the Court to the conclusion that the defendant would be a danger to the community as that term is used in Section 3148. In view of the repetitive and persistent nature of his conduct it does not seem that any form of conditional release or duty to report at specified times to a designated officer will suffice to reasonably protect against the danger. The very make-up of the narcotics traffic, its secrecy and its clandestine nature tend to militate against the plan of conditional or supervised release. In this respect one other factor also must be considered, defendant is now considering applications to proceed in forma pauperis in case No. 41,300. On July 21, 1967, this Court denied him leave to appeal in forma pauperis in case No. 40,370. In all of the criminal proceedings in this Court there was never any evidence that defendant had any other gainful occupation than as a narcotics trafficker. The only conclusion to be reached is that, if released, he would return to the traffic again in order to obtain the money to finance the cost of the multiple litigation he faces as well as the flamboyant way of life he formerly led.

In arriving at these conclusions the Court is mindful of the many cases cited by able counsel for defendant. Most of these citations are from decisions granting or denying bail by Supreme Court Justices sitting as Circuit Justices on bail applications. These cases discuss the high standards required in exercising a discretion to deny bail on appeal. None of these cases discussed the application of Section 3148, yet it appears quite certain that the same principles applied in those cases were enacted into Section 3148. See prior memorandum, 268 F. Supp. 877, 878. Those principles are set forth in one decision later in time in Leigh v. United States, 82 S.Ct. 994, 8 L.Ed.2d 269 (1962), where Chief Justice Warren said:

> "It (bail) is to be denied only in cases which, from substantial evidence, it

---

1. U. S. v. Timothy Watson, Criminal No. 41,399, United States District Court for the Northern District of California.

seems clear that the right to bail may be abused or the community may be threatened by the applicant's release."

■■ If this Court's conclusion that being in the narcotics traffic is a danger to the community, then there is substantial evidence that the defendant did go back into the traffic while on bail on appeal and in all probability will return to the traffic if reinstated to bail on appeal.

Only one other factor of note should be considered. That is defendant's potential for flight. In this respect the government suggests that, since the conviction in the Southern District of California, the defendant is a potential flight risk. The Southern District conviction came after the defendant had been released on bail on appeal in this case and the government made no move to revoke bail until defendant was arrested for the offense charged in Indictment No. 41,300. This failure would seem to lessen the weight to be given the government's suggestion, and, when coupled with defendant's prior record of appearances on bail for numerous federal charges, it was not considered by the Court to be persuasive. Nor was it persuasive to the Court in the Southern District of California which released defendant on bail on appeal in that case. Therefore, the Court does not consider defendant such a flight risk as to warrant the denial of bail on appeal, although a man under two narcotics convictions and awaiting trial on another narcotics charge does present some flight problems. It it were not for defendant's continued and persistent activity in the narcotics traffic while on bail so as to be a danger to the community his bail would not be revoked.

It is ordered that defendant's motion for reinstatement of bail pending appeal be, and the same is hereby denied.

It is further ordered that the order of this Court revoking bail heretofore made on March 22, 1967, be, and the same is hereby affirmed, ratified, adopted and renewed.