UNITED STATES of America,
Plaintiff,

v.

Denzell Maurice BROWN, a/k/a Maurice Brown, a/k/a Maurice Martin,
Defendant.

Crim. No. 75-10.

United States District Court,
W. D. Oklahoma,
Criminal Division.

July 15, 1975.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for plaintiff.

George S. Corbyn, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

The above Defendant, Denzell Maurice Brown, was convicted herein of five counts of interstate transportation of falsely made and counterfeited securities and sentenced to eight years on each count to run concurrently. He gave notice of appeal and was released on appeal bond in the amount of $20,000.00, cash or surety.

Thereafter, the Government filed an Application to Amend the Conditions of Release Pending Appeal requesting therein that the Court order the Defendant held pending appeal without bail and as grounds in support thereof asserted

that the Defendant is a danger to the community as he is distributing narcotic drugs and that the Defendant plans to flee the country rather than go to prison.

In view of the serious nature of the Government's allegations the Court vacated the Appeal Bond, ordered the Defendant's arrest, ordered the Defendant held without bail and set an evidentiary hearing on the matter of bail pending appeal at an early date after the Defendant was taken into custody. *United States v. Baca,* 444 F.2d 1292 (Tenth Cir. 1971).

■ At the hearing in which the Defendant was present with counsel the Plaintiff assumed the burden of proving grounds justifying that the Defendant be held pending appeal without bail. *Leary v. United States,* 431 F.2d 85 (Fifth Cir. 1970).

The Government produced a witness who testified that the Defendant was trafficking in narcotic drugs to her personal knowledge and according to statements made by the Defendant to that effect and that he had stated to her that he would make enough money therefrom in the Oklahoma City area while his appeal pends to enable him to flee the country should his convictions and sentences be affirmed. The Government also produced as a witness an agent of the Oklahoma State Bureau of Investigation (OSBI) who testified to receiving information from reliable informants that the Defendant was distributing narcotic drugs in Oklahoma City. The Defendant objected to the testimony of this witness as being hearsay testimony.

The Defendant testified at the hearing and denied distributing narcotic drugs since his convictions and sentences herein and denied that he planned to flee the country.

The Defendant desired to brief the matter of whether the hearsay testimony of the agent of the OSBI should be considered by the Court in this bail hearing. Accordingly, both parties have submitted briefs on this point.

■ After hearing the evidence presented, observing the demeanor of the witnesses and considering the credibility of the witnesses, the Court finds that the Defendant has been distributing or trafficking in narcotic drugs since his convictions and sentences herein, that such activity by the Defendant poses a danger to the community,[1] *United States v. Erwing,* 280 F.Supp. 814 (N.D.Calif.1968); *United States v. Nelson,* 346 F.Supp. 926 (S.D.Fla.1972); *United States v. Quicksey,* 371 F.Supp. 561 (S.D.W.Va.1974), that the defendant will flee the country should his convictions and sentences herein be affirmed and that pursuant to the provisions of 18 U.S.C. § 3148[2], and in the sound discretion of the Court, *United States v. Baca,* supra, Defendant Denzell Maurice Brown should be detained and held without bail; that no one or more of the provisions of 18 U.S.C. § 3146 will reasonably assure that the Defendant will not flee or pose a danger to the community and that he should be detained pending appeal without bail.

■ It appears that the Court may consider the hearsay testimony of the agent of the OSBI. 18 U.S.C. § 3146(f) provides:

"Information stated in, or offered in connection with, any order entered pursuant to this section need not con-

---

1. The Court also finds from the evidence that the Defendant poses a danger to the person of Pat Murphy, who testified at this bail hearing about the Defendant trafficking in narcotic drugs and was planning to flee the country, in that she further testified that during a recess in the hearing the Defendant told her that she would be dead.

2. In pertinent part this Statute provides:
   "A person . . . who has been convicted of an offense and is either awaiting

sentence . . . or has filed an appeal . . . shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. . . ."

form to the rules pertaining to the admissibility of evidence in a court of law".

See *United States v. Erwing,* supra.

The Defendant cites Rule 802, Federal Rules of Evidence, which provides:

"Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress".

As 18 U.S.C. § 3146(f), supra is an act of Congress its provision would be an exception to Rule 802, Federal Rules of Evidence. But should the Court be wrong in these legal conclusions, the Court will additionally find that disregarding the testimony of the agent of the OSBI the other evidence presented satisfies the burden assumed by the Government and on it alone the Court finds that the Defendant poses a danger to the community and to the person of Pat Murphy and will flee the country should his convictions and sentences be affirmed requiring therefore that he be ordered held pending appeal without bail in the discretion of the Court. *United States v. Baca,* supra.