**UNITED STATES of America, Plaintiff,**

v.

**Patricia Campbell HEARST, Defendant.**

**No. CR–74–364 WHO.**

United States District Court,
N. D. California.

Nov. 19, 1976.

James L. Browning, Jr., U. S. Atty., F. Steele, Langford, David P. Bancroft, Asst. U. S. Attys., San Francisco, Cal., for plaintiff.

F. Lee Bailey, J. Albert Johnson, Boston, Mass., Law Offices of Garret McEnerney,

II, E. John Kleines, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

ORRICK, District Judge.

The primary question posed by defendant Patricia Campbell Hearst's motion for bail pending appeal is whether defendant is such a flight-risk that this Court "has reason to believe that no one or more conditions of release will reasonably assure" that she will not flee. 18 U.S.C. § 3148.

For the reasons hereinafter stated, I find the defendant is not such a flight risk and I grant the motion to release her on bail subject to the conditions set forth in the Order following this Memorandum.

### I.

On June 6, 1974, the defendant was charged in a two-count indictment with armed bank robbery on April 15, 1974, of a branch of the Hibernia Bank in violation of 18 U.S.C. § 2113(a)(d) and with the use of a firearm to commit a felony in violation of 18 U.S.C. § 924(c)(1). The indictment was not tried until January, 1976, because, despite the most intensive manhunt in United States history, the defendant remained at large for eighteen months until her apprehension in San Francisco in September, 1975. The bail fixed by the magistrate was revoked by Judge Carter on September 23, 1975, in an Order in which he held:

"The peculiar circumstances of this case—including the defendant's own statements, her lengthy evasion of the criminal process in the face of extraordinary nationwide publicity concerning her pursuit by federal and state authorities, the vast sums of money already expended by her parents in the vain attempt to secure the return of their daughter, and the fact that at the time of her arrest she was found in the possession of a loaded handgun—warrant no other conclusion than that the defendant is not a reasonable bail risk, regardless of the amount of funds required."

Thereafter, defendant was examined by four court-appointed doctors to determine whether she was then sane and competent to stand trial. In their joint preliminary statement dated October 6, 1975 (and in the more complete reports subsequently filed), they stated, "the subject is not seen by us to pose a significant risk of escape or flight". Despite this finding no motion for bail has been made by defendant until this one.

After an eight-week jury trial at which seventy-three witnesses testified and one hundred eighty-six exhibits were introduced, the defendant was found guilty as charged and convicted on both counts of the indictment. The jury had been instructed:

"* * * that the defendant may have been kidnapped by others prior to the commission of the crimes charged is not alone sufficient to absolve her for responsibility for any subsequent criminal acts."

Thereafter, the jury rejected the defense that the defendant acted under duress in participating in the armed bank robbery and the defense that her weapon was not operable as loaded. At the conclusion of the trial, Judge Carter, desiring more detailed information as a basis for determining the sentence to be imposed, committed the defendant to the custody of the Attorney General for a study in accordance with the procedures set forth in 18 U.S.C. § 4208. Upon receipt of the study on September 24, 1976, the defendant was given a straight adult sentence of seven years on the armed bank robbery charge and two years on the charge of committing a felony with a loaded weapon, both sentences to run concurrently. Defendant has taken an appeal to the United States Court of Appeals from the final judgment.[1]

### II.

#### A.

 Defendant's motion is governed by the Bail Reform Act of 1966 (18 U.S.C.

---

1. On June 21, 1976, pursuant to Rule 25(f) of the Federal Rules of Criminal Procedure, I was assigned the duties to be performed by the Court after a verdict of guilt.

§ 3146 *et seq.*) (the "Act"). Although the Act makes bail mandatory in noncapital cases prior to trial, it is discretionary with the court subsequent to conviction. *United States v. Erwing,* 280 F.Supp. 814 (N.D.Cal. 1968). Nonetheless, the Act establishes a policy strongly favoring post-trial as well as pretrial release. *United States v. Stanley,* 152 U.S.App.D.C. 170, 469 F.2d 576 (1972). The provisions of the Act applicable to a defendant who stands convicted of an offense[2] provide that such a person *shall* be treated under the same conditions as if he were awaiting trial unless the

> " * * * judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained." 18 U.S.C. § 3148.

Thus, if the Court finds that the appeal is not frivolous and is not being taken for delay and has no reason to believe that the defendant poses a threat either to any other person or to the community and if court finds that one or more conditions of release will reasonably assure that the defendant will not flee, it must treat the defendant as it would treat one waiting for trial. This means the Court must follow the command of 18 U.S.C. § 3146, which requires that a defendant be released on his personal recognizance or upon the execution of an unsecured appearance bond unless the Court determines in the exercise of its discretion that such a release will not reasonably assure the appearance of such person as required. In making this determination, the Court must take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, length of residence in the community, record of convictions, and record of appearances at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings. After considering the above factors, if the Court decides that, by granting release on the defendant's own recognizance or without security, appearance will not be assured, the Court must impose the first of the following conditions of release which will reasonably assure the appearance of the person or, if no single condition gives that assurance, any combination of the following conditions:

> "(1) place the person in the custody of a designated person or organization agreeing to supervise him;
>
> (2) place restrictions on the travel, association, or place of abode of the person during the period of release;
>
> (3) require the execution of an appearance bond in a specified amount and the deposit in the registry of the court, in cash or other security as directed, of a sum not to exceed 10 per centum of the amount of the bond, such deposit to be returned upon the performance of the conditions of release;
>
> (4) require the execution of a bail bond with sufficient solvent sureties or the deposit of cash in lieu thereof; or
>
> (5) impose any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours." 18 U.S.C. § 3146(a).

2. 18 U.S.C. § 3148 provides:

> "A person (1) who is charged with an offense punishable by death, or (2) who has been convicted of an offense and is either awaiting sentence or has filed an appeal or a petition for a writ of certiorari, shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained. The provisions of section 3147 shall not apply to persons described in this section: *Provided,* That other rights to judicial review of conditions of release or orders of detention shall not be affected."

### B.

Applying these principles to the case at bar, the Court finds first that the appeal in this case is not being taken for delay and that it is not frivolous. Defendant has listed a number of substantial legal points properly raised on appeal, including *inter alia* the claims that the defendant was denied a fair trial by the government's suppression of exculpatory evidence consisting of the Los Angeles grand jury testimony of Kenneth Pierre and Marva Davis, that the court erred in admitting evidence of unrelated post-crime conduct which substantially prejudiced the defendant and denied her the right to a fair trial, and that it erred in admitting into evidence the "Tobin tape" recording which was not relevant to the trial of the indictment and was prejudicial.

Second, the Court has no reason to believe that the defendant poses a threat to any other person or to the community. In this regard the Court notes that during her trial the defendant changed her attitude completely and commenced, and continues to this day, cooperating with representatives from various law enforcement agencies throughout the country by providing information concerning her quondam companions during the period February, 1974, to September, 1975. I have reason to believe that one or more conditions of release will reasonably assure that the defendant will not flee.

Thus, in accordance with the mandate of the statute, I now must determine, pursuant to 18 U.S.C. § 3146, which conditions of release will reasonably assure the defendant's appearance at future court proceedings. In so doing I take into account that the offenses of which the defendant has been convicted are serious. Armed bank robbery is punishable by imprisonment for as long as twenty-five years and Congress and the community consider this to be, as does the Court, a very serious offense. Furthermore, the fact that the defendant was convicted of participating in the crime with an operable loaded weapon makes the offense all the more heinous. The evidence against the accused was overwhelming. The defendant does, however, have strong family ties and extensive financial resources. She is a person of strong character, and the conclusion of the numerous reports made with respect to her mental condition is that she is able and competent. She has resided all her life in the community and does not have any prior criminal record. Nonetheless, after considering and weighing these matters and particularly the defendant's actions from the time of the bank robbery to the time of her appearance in September, 1975, I refuse to release her on her personal recognizance or upon the execution of an unsecured appearance bond. The circumstances, however, make it proper to release the defendant upon certain conditions of release set forth in the following Order.

### ORDER

IT IS HEREBY ORDERED THAT:

1. Defendant, Patricia Campbell Hearst, be released forthwith from the custody of the Attorney General of the United States upon (a) posting with the Clerk of the Court an appropriate bail bond in the sum of one million dollars ($1,000,000), conditioned upon the performance of the following additional conditions of release and (b) depositing cash in the sum of one hundred thousand dollars ($100,000) in the registry of the Court, said cash to be returned upon the performance of said additional conditions of release.

2. The following additional conditions of release are:

a. That defendant be placed in the custody of her parents, Mr. and Mrs. Randolph Hearst, who have made arrangements and plans for her care, custody, and security, and that her place of abode be identical to theirs.

b. That defendant not leave the boundaries of the State of California without prior approval of this Court.

c. That defendant report by telephone to the Chief United States Probation Officer of the Northern District of California, or his designee, each Monday and Thursday

morning, providing the precise address and telephone number of her present abode.

d. That defendant be in face-to-face contact with the Chief United States Probation Officer of the Northern District of California, or his designee, at least once each month, or more frequently, as directed by the Chief United States Probation Officer of this District.

e. That defendant be present in this Court when so ordered or, subject to the approval of this Court, in the courts of any other jurisdiction where her attendance may be required from time to time.

If any of the foregoing conditions are violated, a warrant for the arrest of the defendant will be issued immediately upon any such violation and the maximum penalties will be imposed.