**UNITED STATES of America, Plaintiff,**

v.

**Joseph W. BOOTHMAN, Defendant.**

**No. 79–20009–03.**

United States District Court,
D. Kansas.

Oct. 3, 1980.

Grover Hankins, U.S. Dept. of Justice, Kansas City, Mo., for plaintiff.

---

Michael Lerner, David C. McConnell, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

The defendant has been convicted by a jury pursuant to a four count indictment charging him with violating 18 U.S.C. §§ 371, 657, and 1010. The defendant was thereupon released on bail pending appeal of the conviction. On August 28, 1980, the Government filed a motion seeking an order that Joseph W. Boothman show cause why his bond should not be forfeited, why he should not be held in contempt, and why he should not be detained during the pendency of his appeal. A full evidentiary hearing was held Thursday, September 25, 1980, regarding the Government's motion. After a full and thorough hearing, the Court makes the following findings of fact:

## FINDINGS OF FACT

1. On September 7, 1979, the defendant, John W. Boothman was convicted and sentenced on October 22, 1979, to 5 years in prison. Since October 22, 1979, defendant Boothman has been released upon a $10,000 cash or surety bond secured, *inter alia*, by the following special conditions of release:

> That he will not depart the greater Kansas City area, that he will not associate with any person convicted of a felony except while incarcerated.

2. During the pendency of his appeal to the United States Court of Appeals for the Tenth Circuit, in May 1980, defendant Boothman left the Greater Kansas City area and traveled to Hiawatha, Kansas, without obtaining the permission of the Court.

3. Beginning on or about December, 1979, and continuing until March 14, 1980, Joseph W. Boothman did attempt to extort money from Larry Dennis by informing him that there was a contract out on his life and that he (Boothman) could buy the contract for $7,500.00 in violation of 18 U.S.C. § 1951.

4. On June 27, 1980, defendant Boothman conspired with others to murder or rob Elmer Duerfield, a Nebraska farmer.

5. The defendant on or about June 27, 1980, associated with Bobby Wilson, a felon.

## DISCUSSION

■ This Court has the power to secure compliance with its lawfully imposed conditions of release through forfeiture of the defendant's bail, consistent with the exercise of its inherent powers and within the spirit of the Bail Reform Act of 1966, 18 U.S.C. § 3141, *et seq. United States ex rel. Brown v. Fogel*, 395 F.2d 291, 293 (4th Cir. 1968). In addition, direct authority for the requested forfeiture is found in Rule 46(e)(1), Federal Rules of Criminal Procedure, which provides:

> If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

The United States Court of Appeals for the Fifth Circuit has noted the following relationship between the Bail Reform Act and forfeiture based on violation of travel restrictions:

> Rule 46(f)(1) provides for a forfeiture for breach of any condition of release. In conjunction, with the Bail Reform Act, Rule 46 was amended to liberalize bail procedures. But the forfeiture section of Rule 46 was not amended. One may infer from this omission, apparently deliberate, that Congress considered the forfeiture provision of the Rule would not be affected by the Act. We hold, therefore, that a district judge has the power to declare a forfeiture of bond for breach of travel restrictions as a condition of release on bail.

*Brown v. United States*, 410 F.2d 212 at 217 (5th Cir. 1969).

This Court is authorized to order that the defendant be detained pending imposition of sentence where he poses a danger to the community, 18 U.S.C. § 3148; Federal Rules of Criminal Procedure, Rule 9(b), (c), 28 U.S.C.; Federal Rules of Criminal Procedure, Rule 46(c) 18 U.S.C.; *Harris v. United States*, 404 U.S. 1232, 92 S.Ct. 10, 30

L.Ed.2d 25 (1971); *Carbo v. United States,* 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1962); *United States v. Provenzano,* 605 F.2d 85 (3rd Cir. 1979); *United States v. Rabena,* 339 F.Supp. 1140 (D.C.E.D. Pa., 1972).

This Court has no hesitancy, in view of the evidence presented, finding that there is reason to believe that no one or more conditions of release will reasonably assure that the defendant will not flee or pose a danger to any other person or to the community, within the meaning of 18 U.S.C. § 3148 and that he should be denied bond pending appeal. See *Harris v. United States,* 404 U.S. 1232, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971); *Carbo v. United States,* 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1962); *United States v. Provenzano,* 605 F.2d 85 (3d Cir. 1979); *United States v. Long,* 422 F.2d 712 (D.C. Cir. 1970); *United States v. Nelson,* 346 F.Supp. 926 (S.C.Fla.) aff'd, 467 F.2d 944 (5th Cir. 1972) *cert. denied,* 410 U.S. 956, 93 S.Ct. 1428, 35 L.Ed.2d 689 (1973); *United States v. Rabena, supra; United States v. Parr,* 399 F.Supp. 883 (W.D.Tex. 1975); *United States v. Brown,* 399 F.Supp. 631 (W.D.Okla.1975); *United States v. Erwing,* 280 F.Supp. 814 (N.D.Cal.1968).

## CONCLUSIONS OF LAW

1. The Court has reason to believe that the defendant Boothman poses a danger to the community and that no conditions of release would insure the safety of the community or of individuals and citizens thereof, within the meaning of 18 U.S.C. § 3148.

2. The Court has reason to believe that any feasible conditions of release will not assure that defendant Boothman will not flee the jurisdiction of this Court.

3. The Court is authorized pursuant to 18 U.S.C. § 3148 to order that the defendant be detained during the pendency of his appeal.

4. The Court is authorized pursuant to Rule 46(e)(1), Federal Rules of Criminal Procedure to order the bond forfeited.

## ORDER

Based upon the above findings of fact and conclusions of law, it is hereby ordered that the $10,000 cash or surety bond executed in behalf of defendant on October 22, 1979, is forfeited and that bond pending appeal is hereby denied.

IT IS SO ORDERED.