ALLEGHENY MUTUAL INSURANCE COMPANY *v.*
STATE OF MARYLAND

[No. 294, September Term, 1981.]

*Decided November 5, 1981.*

The cause was submitted on briefs to GILBERT, C. J., and
LOWE and WEANT, JJ.

Submitted by *Ronald I. Kurland* and *Gerald A. Kroop,
P.A.* for appellant.

Submitted by *Stephen H. Sachs, Attorney General,
Michael A. Anselmi, Assistant Attorney General,* and
*Richard D. Warren, State's Attorney for Wicomico County,*
for appellee.

GILBERT, C. J., delivered the opinion of the Court.

The appellant, Allegheny Mutual Insurance Company, posted a bail bond in the amount of five thousand dollars ($5,000) on behalf of Robert Alan Garris. The bond was to be forfeited if Garris, who was charged with forgery and uttering (Md. Ann. Code art. 27, § 44), failed to appear for trial in the Circuit Court for Wicomico County when the case was called.

On May 2, 1978, the date scheduled for the trial of Garris on the alleged offenses, he did not appear in court because he had removed himself to San Diego, California. The trial court forfeited the bail on August 2, 1978,[1] and it was paid in full to the clerk of the court the next day.

According to the record in this case, Garris, during his California sojourn, was "shot in the face and suffered serious injury and the loss of an eye. That on his hospital admission form . . . [he] stated his name and as a result of police investigation, it was determined that . . . [he] was wanted in Maryland for failing to appear for trial [in Wicomico County]."

Garris waived extradition and voluntarily returned to Maryland. Neither California nor this State incurred any transportation costs as a result of Garris's return to Maryland.

When the forgery and uttering cases were called to trial on October 6, 1980, the prosecution entered a *nolle prosequi,* with the result that Garris has never had to stand trial on the merits of the charges.[2]

---

1. Md. Rule 722 i 3 provides:

   "Within 90 days from the date the defendant fails to appear, which time the court may extend to 180 days upon good cause shown, a surety shall satisfy any forfeiture, either by producing the defendant in court, or by paying the penalty sum of the bond."

2. The docket entries indicate the nol pros to all charges, but the appellant's brief states that the appellant pled guilty to the fourth count of the indictment. The trial judge's opinion, which is gratuitously and improperly printed in the appellee's appendix, verifies the statement in the appellant's brief. For some reason, the trial judge's opinion is not part of the record received in this Court.

The record further discloses that Garris's parents agreed to indemnify Allegheny Mutual to the full extent of the bail bond. Thus, it is Garris's parents that have sustained or are suffering the loss occasioned by his wilful failure to appear for trial in May 1978.

In February 1981, Allegheny petitioned the circuit court to strike the bail forfeiture and order a remission of the $5,000 to Allegheny. The trial court, relying upon Md. Rule 722 i 2, apparently found no "reasonable grounds for the defendant's [Garris's] failure to appear" at trial. The court denied Allegheny's petition.

The State concedes that Md. Rule 722 i 2, which provides:

"2. Striking Out Forfeiture.

The court shall strike out a forfeiture in whole or in part where the defendant or surety can show reasonable grounds for the defendant's failure to appear; and notwithstanding Rule 625 a (Revisory Power of Court Over Judgment-Generally), it also shall set aside any judgment entered thereon pursuant to subsection 4 (b) of this section; if the penalty sum has been paid pursuant to subsection 3 of this section, the court shall order the remission of the penalty sum, in whole, or in part." and

Md. Ann. Code art. 27, § 616 ½ (d) (1), which reads:

"(d) *Striking out forfeiture of bail; refund of collateral and discharge of security when case stetted.* — (1) Any court exercising criminal jurisdiction shall strike out a forfeiture of bail or collateral where the defendant can show reasonable grounds for his nonappearance. However the court shall allow a surety 90 days, or for good cause shown, 180 days from the date of failure to appear to produce the defendant in court before requiring the payment of any forfeiture of bail or collateral. *The court shall strike out a forfeiture of bail or collateral deducting only the actual expense incurred for the defendant's arrest, apprehension, or surrender*

*if the defendant is produced in court and if the arrest, apprehension, or surrender occurs more than 90 days after the defendant's failure to appear, or at the termination of the period allowed by the court to produce the defendant."* (Emphasis supplied.),

must be read together. Indeed, in light of *Allegheny Mutual Casualty Co. v. State,* 234 Md. 278, 199 A.2d 201 (1964) and *Irwin v. State,* 17 Md. App. 518, 302 A.2d 688 (1973), the State is hard put not to make that concession. We held, in *Irwin,* that former Md. Ann. Code art. 26, §§ 5A, 33 (b), and *Allegheny* complement one another. Of course, the italicized portion of Md. Ann. Code art. 27, § 616 ½ (d) (1) was not then *in esse.*

*Irwin* states:

"[T]he discretionary power of the court to strike out a forfeiture is to be liberally construed. It is a sound discretion, not an arbitrary or absolute one, and it is not restricted in its exercise only to instances in which there was no wilful default. 'Reasonable grounds' for the nonappearance of an accused are something less stringent than an absolutely compelling reason." 17 Md. App. at 524.

Were it not for the italicized portions of Art. 27, § 616 ½ (d) (1), as above quoted, it would appear that the trial judge properly exercised his discretion. The difficulty is that the italicized portions do exist and serve to take away with one sentence what was given by the other.

A reading of section 616 ½ (d) (1) manifests that the first sentence thereof confers upon the judge the discretion to determine what are "reasonable grounds for his nonappearance" at trial of the case. If the judge finds "reasonable grounds" he must "strike out" the "forfeiture."

The second sentence of the statute directs the judge to allow a surety 90 days in which to surrender the defendant after forfeiture before requiring payment of bail. Should the surety show "good cause" to the judge, the 90 day period will

be extended for another 90 days or a total of 180 days before payment of the forfeiture is due.

The third sentence of the statute, however, contains the legislative mandate that the court *shall* strike forfeiture if a defendant is produced in court more than 90 days after his initial "failure to appear."

Thus, the way the statute is phrased, if the surrender to the court of the defendant occurs within 90 days of forfeiture, the court may, for good cause shown, strike the forfeiture. On the other hand, if the surrender takes place after the 90 day period, the court has no discretion to exercise, and it must strike the forfeiture.

The statute is hardly a model for unambiguous legislation. Why it is phrased as it is is not for us to answer.

Whatever defect exists in the legislation, it, at least, spurs a surety on to find any defendant who defaulted on his appearance at trial. The surety is placed, by the statute, in the position of knowing that once he finds a defendant who has fled, the surety may recover his loss by surrendering the defendant in court. Certainly, in the sense of encouraging sureties to seek and find defendants who fail to appear for trial, the statute serves a useful purpose. Nevertheless, it also seems to encourage sureties not to surrender a defendant, if a forfeiture has occurred, until after the expiration of 90 days following forfeiture. In that manner, the surety avoids the risk of the judge's failing to find "reasonable grounds" for nonappearance and assures the striking out of the forfeiture by virtue of the clear legislative directive.

We must, in the light of the statutory direction, reverse the order of the circuit court and remand the matter with instructions to the trial court to strike the forfeiture and order the remission of any monies paid thereunder.

> *Order reversed.*
> *Case remanded for further proceedings not inconsistent with this opinion.*
> *Costs to be paid by Wicomico County.*