STATE

v.

Gabriel SABACK.

No. 87–81–C.A.

Supreme Court of Rhode Island.

Dec. 9, 1987.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Annie Goldberg, Jane M. McSoley, Asst. Attys. Gen., for plaintiff.

John F. McBurney, Pawtucket, for defendant.

OPINION

MURRAY, Justice.

This is an appeal by the defendant arising out of a judgment of the trial court

that the defendant forfeit 100 percent of bail. The defendant assigns as error that the trial justice abused her discretion in ordering said forfeiture. Because we hold that the lower-court holding constituted an abuse of discretion, we reverse in part. We further hold the instant matter to be appropriate for the exercise of our supervisory power and direct the trial court that all but $3,000 [1] of said forfeiture be remitted.

The defendant, Gabriel Saback, had previously entered into a romantic relationship with one Margaret Parenteau that had since broken off. Thereafter, Parenteau, along with her sister and a male friend, filed six criminal complaints against Saback, consisting of ten separate crimes—two counts of trespass, one count of breaking and entering, two counts of simple assault, one count of assault with a dangerous weapon, and four counts of malicious damage.

On January 4, 1985, defendant was held without bail for violating the terms of previous bail by causing malicious damage on January 3, 1985, a misdemeanor. The defendant was later adjudged to have slashed Parenteau's tires. On February 7, 1985, an order was entered that defendant forfeit bail. Some months later, on April 2, 1986, the state moved that judgment be entered against the surety, defendant's sister, who had previously posted real property held by her in order to secure defendant's release. Additionally, all cash amounts posted and amounts posted as personal recognizance with respect to each of the six criminal complaints previously mentioned were to be forfeited. The trial justice granted the state's motion, finding that "[i]n terms of forfeiture the [trial] court has little discretion and shall declare a forfeiture if there is in fact a breach of a condition of recognizance." We note that the state was put to no expense and was required to expend no

effort in order to secure custody of defendant.

██ The trial justice correctly held that the trial court must, after conducting a hearing, order that bail and any security therefor be forfeited in the event that defendant has failed to perform the condition of his recognizance. General Laws 1956 (1981 Reenactment) § 12–13–16.1, as enacted by P.L. 1982, ch. 321, § 1.[2] *See also* Super.R.Crim. P. 46(g)(1) ("[i]f there is a breach of condition of a recognizance, the court upon motion of the attorney for the State *shall* declare a forfeiture of the bail" (emphasis added)). *In re Procaccianti*, 475 A.2d 211 (R.I. 1984). Certainly, commission of four counts of malicious damage constitutes such a breach.

██ Unfortunately, the trial justice erred in failing to complete the forfeiture analysis upon which she embarked. The harsh provisions set forth in § 12–13–16.1 and Rule 46(g)(1) are mitigated in Rule 46(g)(2) which provides as follows: "(2) *Setting Aside.* The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." After judgment has been entered, the court, pursuant to Rule 46(g)(4), may remit the forfeiture, in whole or part, under the conditions set forth in Rule 46(g)(2). There is no language in either § 12–13–16.1 or in the Superior Court Rules of Criminal Procedure that constrains the trial justice to require that the defendant move pursuant to Rule 46(g)(2) or (4) to set aside or remit bail, in whole or in part, although such procedure by defense counsel is certainly highly advisable. Thus, the trial justice is free, where appropriate, to set aside or remit bail, regardless of whether counsel for the defense has so moved.

---

1. *See* Appendix.

2. General Laws 1956 (1981 Reenactment) § 12–13–16.1, as enacted by P.L. 1982, ch. 321, § 1 provides:
   "Forfeiture of bail upon defendant leaving jurisdiction of the court. —In any criminal case, whenever it has been shown to the satis-faction of the court that the defendant has left the jurisdiction of the court or has failed to appear as required, or *has failed to perform the condition of his recognizance,* the court shall order that the bail and/or any security for bail be forfeited forthwith." (Emphasis added.)

■ This court has previously articulated some of the criteria that the trial court may consider in determining whether to set aside a forfeiture. These factors include the cost, inconvenience and prejudice suffered by the state as a result of a defendant's breach of condition of his recognizance, whether the surety was provided by family and friends rather than by a bondsman, and any additional mitigating circumstances that may be present. Other factors that are to be considered include, but are not limited to, the questions of whether a defendant's breach of the bond condition was willful; whether a professional bondsman, if acting as surety, participated in a defendant's apprehension; and, whether a defendant failed to appear, thus interfering with the prompt administration of justice. *In re Procaccianti*, 475 A.2d at 213 (citing *United States v. Frias-Ramirez*, 670 F.2d 849 (9th Cir. 1982); *United States v. Burnett*, 474 F.Supp. 761 (S.D.N.Y. 1979); *United States v. Morales*, 91 F.R.D. 169 (D.P.R. 1981)).

■ Applying the criteria articulated in *Procaccianti* to the dispute before us, we observe that the state was put to no cost or inconvenience and was in no manner prejudiced by defendant's breach. Nothing in the record indicates that defendant failed to appear or that the prompt administration of justice was interfered with in any way. We also observe that defendant's sister, however misguidedly, acted as surety, and it is she, not defendant, who will suffer the greatest majority of any loss as a result of defendant's defalcation, by virtue of having posted real property possessed by her. Finally, we note that defendant had no prior history of criminal activity before becoming embroiled in his ill-fated relationship with Parenteau. The trial justice erred in holding that she was constrained, *vel non*, to order a complete forfeiture, without considering mitigating factors, such as those set forth in *Procaccianti*. In so holding, we hasten to reaffirm the holding implied in that case that the decision to order forfeiture is addressed to the sound discretion of the trial justice, whose decision will not be overturned except for abuse of that discretion. 475 A.2d at 212–13; *see, e.g., Alle-*

*gheny Mutual Casualty Co. v. State*, 35 Md.App. 55, 368 A.2d 1032 (1977) (court may set aside forfeiture in whole or in part, but burden of demonstrating good cause is upon surety; whether justice requires easing of burden on surety is a matter addressed to sole discretion of trial justice, whose decision will not be disturbed on appeal except for abuse of discretion); *People v. Scalise*, 105 A.D.2d 869, 482 N.Y. S.2d 362 (1984) (application for remission of forfeiture of bail is addressed to discretion of the court, and should be granted only in exceptional circumstances and to promote the ends of justice). Had the trial justice considered such factors as those alluded to today, we might well have been constrained to reach a different result.

■ The state argues that the proper remedy in a situation in which the court has ordered that bail be forfeited is for a defendant to move to set aside forfeiture pursuant to Rule 46(g)(2) or (4). As we stated earlier, compliance with this procedure is highly advisable *in futuro*. However, in the unique circumstances presented here, where defense counsel failed to so move, and the trial justice failed to exercise the discretion afforded her by Rule 46(g) and our holding in *Procaccianti*, we decline to remand for a hearing. "The exercise of our supervisory jurisdiction is an extraordinary measure." *State v. Feng*, 421 A.2d 1258, 1273 (R.I. 1980). When appropriate, however, this court under its supervisory powers has the authority to fashion remedies. *Cheetham v. Cheetham*, 121 R.I. 337, 342, 397 A.2d 1331, 1334 (1979) (citing *Hyde v. Superior Court*, 28 R.I. 204, 66 A. 292 (1907); G.L. 1956 (1969 Reenactment) §§ 8–1–2, 8–6–1; *see also State v. DeLomba*, 117 R.I. 673, 676–77, 370 A.2d 1273, 1275 (1977); *State v. Fortes*, 114 R.I. 161, 172–73, 330 A.2d 404, 411 (1975)). In deciding that the instant matter presents an appropriate situation for its application, we note that almost three years have elapsed from the time that bail was held forfeit, and emphasize that the great majority of the property held forfeit was real property possessed by a third party, who was not shown to have colluded with the defendant

or to have breached any duty owed the state. We view it as highly unlikely that we shall find it necessary to exercise our supervisory powers in the context of a proceeding to remit a forfeiture of bail again.

Accordingly, the appeal of the defendant is sustained in part. The judgment of the trial court is reversed in part, and the trial court is directed to remit all but $3,000 of the forfeiture of the defendant's bail.

## APPENDIX

### Money Paid By Defendant To State Of Rhode Island

| | | |
|---|---|---|
| Case Number: | K3 85–891 | |
| Date: | September 11, 1987 | |
| Item: | Receipt No. 06797 | |
| Amount: | | $ 100.00 |
| Case Number: | K3 85–891 | |
| Date: | September 25, 1985 | |
| Item: | Receipt No. 4549 | |
| Amount: | | 1,000.00 |
| Case Number: | P3 85–2931 | |
| Date: | September 12, 1985 | |
| Item: | Bail and Recognizance Conditions form | |
| Amount: | | 200.00 |
| Case Number: | P3 85–2931 | |
| Date: | Filed November 7, 1985 | |
| Item: | District Court Misdemeanor Complaint | |
| Amount: | | 100.00 |
| Case Number: | P3 85–2932 | |
| Date: | Filed November 7, 1985 | |
| Item: | District Court Misdemeanor Complaint | |
| Amount: | | 100.00 |
| Case Number: | K2 85–875 | |
| Date: | October 3, 1985 | |
| Item: | Bail and Recognizance Conditions form Refers to Receipt No. 4583 | |
| Amount: | | 500.00 |
| Case Number: | K3 86–124 | |
| Date: | January 13, 1986 | |
| Item: | District Court Receipt No. 7506 | |
| Amount: | | 1,000.00 |
| **TOTAL** | | **$3,000.00** |