[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter before the Court is the motion of the Attorney General on behalf of the State of Rhode Island to declare a forfeiture of the defendant's bail. Anthony Bellini, the professional bondsman who has posted surety bail in the form of real estate has asked the Court to remit or set aside all or a portion of the forfeiture.
Kenneth Bass was arraigned in Superior Court on January 10, 1990 on an indictment charging him with murder. Bail was initially set at $100,000.00 surety. On July 11, 1990, upon Defendant's motion to reduce bail, bail was set at $50,000.00 with surety or 10% cash. On August 7, 1990 Anthony Bellini posted real estate in the amount of $50,000.00. The property is located in the City of Cranston and is described as Plat 20, Lot 15, 646-648 Scituate Avenue.
In reducing defendant's bail the trial justice imposed two conditions on the defendant's release. She prohibited defendant from leaving the State of Rhode Island and ordered him to remain in contact with the Supreme Court's Bail Information Unit. Defendant apparently complied with these conditions and the case was placed on the trial calendar. The next scheduled trial date was September 17, 1990.
On August 24, 1990 Bass moved for permission to leave the State of Rhode Island purportedly to live with his wife and child in Rapid City, South Dakota.
Defendant's motion for permission to leave the State was continued until August 27, 1990 by the Court in order that Bellini be given notice of the motion and an opportunity to be heard.
The State vigorously objected to the defendant's motion for permission to leave the State and indicated it considered Bass to be a risk of flight from Rhode Island to avoid prosecution.
Mr. Bellini appeared at the hearing on the motion and stated he had no objection to defendant leaving Rhode Island.
The Court denied the motion to leave the State. It is undisputed that sometime between August 27, 1990 and September 17, 1990 Bass fled the State of Rhode Island and has not been seen since. An arrest warrant issued on September 18, 1990 and the Attorney General notified the bondsman.
The State filed a motion pursuant to Super. R. Crim. P. 46(g)(1) asking the Court to declare a forfeiture of defendant's bail. This Court has conducted a hearing on the State's motion to declare a forfeiture and the defendant's oral request to set aside or remit all or a portion of the forfeiture pursuant to Super. R. Crim. P. 46(g)(2) and 46(g)(4).
When it appears that a defendant has breached a condition of his bail or has fled the jurisdiction of the Court a trial justice must declare a forfeiture of the bail and any security therefore State v. Saback 534 A.2d 1155 (R.I. 1987). Thus, this Court must and does declare a forfeiture of Defendant Bass' bail.
However, this Court may, in its discretion, set aside or remit bail where appropriate and "upon such conditions as the Court may impose, if it appears that justice does not require the enforcement of the forfeiture" "Super R. Crim. P. 46(g)(2). In reArmand Procaccianti 475 A.2d 211 (R.I. 1984).
Mr. Anthony Bellini testified about the efforts he made and the expenses he incurred in attempting to locate and surrender the defendant. In addition to Mr. Bellini's testimony the parties stipulated to a typewritten narrative of the efforts made by Mrs. Amitee Bellini and a list of expenditures which the bondsman has incurred. The parties agree that $6,815.18 has been expended although a portion of this is for the efforts of Mrs. Bellini at the rate of $10.00 per hour.
Mr. Bellini testified that he was aware of the defendant's prior criminal record and lack of any real ties to the State of Rhode Island. He indicated he knew that defendant was living in Cranston on Carendon Street at the home of a man named "Pete". He stated that defendant was required to call in and check in by phone but that Bellini never went to Pete's house. He further testified that upon learning Bass had fled and a warrant was outstanding for his arrest, Bellini's initial efforts consisted of phoning Bass' family and driving by Pete's house.
The Court finds that no real efforts were made to locate Bass until the Bellini's engaged the services of a bounty hunter on December 17, 1990. This delay of three months combined with a rather casual approach to supervising the defendant in the community has contributed to the failure to apprehend Bass. The defendant's continued absence is a clear interference with the due, prompt and efficient administration of justice and is against the public interest.
The Court finds, however, that although late in starting, Bellini did attempt to discharge his obligations as a professional bondsman and the Court will consider this conduct in mitigation In re Armand Procaccianti, 475 A.2d 211 (R.I. 1984).
Mr. Bellini engaged the services of a professional bounty hunter who apparently expended numerous hours in search of Bass. In addition, Bellini himself made several trips to other states in attempting to locate the defendant. Bellini has contacted other bounty hunters and a fugitive task force as well as local law enforcement officials in the several communities Bass is thought to have visited.
While these efforts were late in starting and have been fruitless to date, the Court finds that Bellini has nonetheless acted at all times in good faith. The Court further finds that Bellini has expended in excess of $6,000.00 in attempting to locate the defendant.
Therefore, the State's motion to declare a forfeiture is granted. The Court orders bail in the amount of $50,000.00 is forfeited. However, $30,000.00 shall be set aside. A total of $20,000.00 shall be forfeited. Mr. Bellini shall have twenty (20) days in which to satisfy the forfeiture.
Counsel for the State shall prepare a judgement consistent with this decision.