STATE

v.

Jason FERRELL.

No. 96–261–M.P.

Supreme Court of Rhode Island.

March 20, 1997.

Andrea Mendes, Providence.

Randy Olen, John J. Bevilacqua, Providence.

## ORDER

This case came before the Supreme Court on March 7, 1997, pursuant to an order that granted the state's petition for certiorari and directed the parties to show cause why the issues raised in this petition should not be summarily decided. In its petition, the state sought review of a District Court judge's denial of its motion for forfeiture of $30,000 in bail money.

After hearing the arguments of counsel and reviewing the briefs submitted by the parties, we are of the opinion that cause has not been shown, and the case will be decided at this time.

On December 27, 1995, the defendant, Jason Ferrell, was arraigned on a murder charge. At arraignment, the trial judge set bail in the amount of $300,000 with surety, and defendant was released upon the posting of $30,000 cash bail. Thirteen days later, defendant was charged with possession of a stolen motor vehicle. On January 22, 1996, the trial judge declared defendant a violator of his bail condition and ordered defendant held without bail, pending bail review in ninety days. The state subsequently filed a motion for default of bail and entry of judgment. Following the ninety day period, on April 9, 1996, the trial judge denied the state's motion for a bail hearing and stated that the only issue before the court was the setting of bail. The trial judge also denied the state's motion to increase bail and released defen-

dant on the same bail monies that were posted on his murder charge. The state's motion for default was continued until April 18, 1996. Following a hearing, on April 25, 1996, the state's motion for default and entry of judgment and its application to examine the source of bail were denied. The state subsequently filed a petition for issuance of a writ of certiorari, which we granted.

Section 12–13–16.1 of the Rhode Island General Laws provides that:

"**Forfeiture of bail.**—In any criminal case, whenever, after hearing, it has been shown to the satisfaction of the court that the defendant has left the jurisdiction of the court or has failed to appear as required or has failed to perform the condition of his or her recognizance, the court shall order that the bail and/or any security for bail be forfeited."

In addition, Rule 46(g)(1) of the District Court Rules of Criminal procedure provides that, "[i]f there is a breach of condition of a recognizance, the court upon a motion of the attorney for the state shall declare a forfeiture." The court may then set aside a forfeiture or, after entry of judgment, remit a forfeiture in whole or in part, "if it appears that justice does not require the enforcement of the forfeiture." Rule 46(g)(2) and (4). Among the factors that the trial justice may consider in deciding whether to set aside a forfeiture are "the cost, inconvenience and prejudice suffered by the state as a result of a defendant's breach of condition of his recognizance." *State v. Saback*, 534 A.2d 1155, 1157 (R.I.1987).

We are of the opinion that the trial justice did not abuse his discretion in denying the state's application to examine the source of bail. We do, however, remand this case to the District Court for an evidentiary hearing to afford the state an opportunity to demonstrate the expenses it incurred as a result of defendant's breach of condition of his recognizance. On the basis of the evidence presented by the state, the trial judge may reconsider the motion for forfeiture.