67 A.3d 564

**FINANCIAL CASUALTY INSURANCE COMPANY**

v.

**STATE of Maryland.**

**No. 1400, Sept. Term, 2011.**

Court of Special Appeals of Maryland.

June 6, 2013.

Patrick T. Williams, Baltimore, MD, for Appellant.

Stuart J. Cordish, (Douglas F. Gansler, Attorney General, on the brief), Baltimore, MD, for Appellee.

Panel: EYLER, DEBORAH S., HOTTEN and JAMES A. KENNEY, III, (Retired, Specially Assigned), JJ.

## MOTION FOR RECONSIDERATION

KENNEY, J.

Appellant, Financial Casualty Insurance Company ("Financial Casualty"),[1] posted a bond for George Butch Spencer. When Spencer failed to appear for trial, the Circuit Court for Baltimore County ordered the bond forfeited and later entered judgment against Financial Casualty for the full amount of the bond. 4 Aces Bail Bonds, Inc.,[2] "on behalf of" Financial Casualty, filed a Petition for Remission, which the circuit court denied. In this timely appeal, Financial Casualty presents one question for our review, which we have revised: did the trial court abuse its discretion in denying the Petition for Remission?

### FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2009, Spencer was charged by criminal information with various narcotics charges. Bail was set at $25,000, and Spencer was "released from commitment" on March 9, 2009 when Financial Casualty, through bondsman Calvin Jones, posted a bond in that amount. The bond states that it "shall continue in full force and effect until discharged pursuant of Rule 4–217."

---

1. Financial Casualty is also referred to in the record as "Financial Casualty & Surety, Inc.," "Financial Casualty and Insurance Company," "Financial Casualty and Surety," "Financial Casualty and Surety Insurance Company," and "Financial Casualty and Surety, Inc."

2. 4 Aces is also referred to in Financial Casualty's brief as the appellant. We shall refer to Financial Casualty as the appellant in this opinion.

Spencer did not appear for trial on October 15, 2009. The docket entry states, in pertinent part, "Bail forfeited. Bench Warrant issued." The next day, October 16, 2009, a warrant was issued for Spencer's arrest. An undated letter from the court was sent to bondsman Jones, stating, in pertinent part:

As Surety for [Spencer], you have 90 days (14th day of January, 2010) to satisfy this forfeiture by either producing [Spencer] in court, or by paying the penalty sum on the bond. If the bail forfeiture has not been stricken, or satisfied within 90 days, a judgment will be entered against [Spencer] and Surety for the penalty sum of the bail, with interest from the date of the forfeiture.

The record further indicates that a "Notice of Recorded Judgment" in the amount of $25,000 "plus interests and costs" was entered on March 31, 2010 against Spencer and Financial Casualty. The docket entry for May 27, 2010 reflects a "Forfeiture of $25,000.00."

On February 7, 2011, writs of habeas corpus were sent from the court to Jones and the Warden of the Baltimore City Detention Center, stating: "You are hereby COMMANDED TO HAVE THE BODY of ... Spencer before" the court on March 7, 2011. A "criminal Postponement Hearing Request Form," dated March 7, 2011 states that "[Spencer] not brought from Balto City jail," and the case was reset for April 7, 2011.[3] Writs were also sent on March 14, 2011, commanding Spencer's presence on April 7, 2011. A "Criminal Postponement Hearing Request Form," dated April 7, 2011, states Spencer's location as "city jail," and the case was reset to June 2, 2011.

The "Peace Officer's Return" section of the bench warrant that was issued on October 16, 2009 indicates that the warrant and charging document were served on Spencer on April 23,

---

3. The docket entry for April 7, 2011, states, "[Spencer's] request for postponement-Granted. Good cause shown. For attorney. Case to be reset on 6/22/11. [Spencer] remanded to the Baltimore City Detention Center."

2011.[4] Another section of the warrant, dated April 25, 2011, states that "[Spencer] is currently at the Baltimore County Detention Center." The "Report of Prisoner Brought to Circuit Court for Baltimore County," dated April 26, 2011, states that Spencer was remanded to "BCBC," which likely stands for the Baltimore County Bureau of Corrections. A handwritten note on the document in the section entitled "Bail Hearing Held" states "Bench Warrant [Spencer] adv why he was picked up." On May 5, 2011, a writ of habeas corpus was sent to the Baltimore County Bureau of Corrections commanding Spencer's appearance on June 2, 2011. On August 22, 2011, Spencer pled guilty to the manufacture and distribution of narcotics; the other charges against him were nolle prossed. He was sentenced to 10 years incarceration, "suspend all but time served."

On June 9, 2011, 4 Aces Bail Bonds, Inc., "on behalf of" Financial Casualty, filed a Petition for Remission with the circuit court, citing § 5–208 of the Criminal Procedure Article. The Petition, in pertinent part, states:

1. That on or about the 10th day of April 2009,[5] a bond in the amount of $25,000.00 was posted in the Circuit Court of Maryland guaranteeing the appearance of [Spencer] at trial.

2. On the 16th day of October 2009, [Spencer] failed to appear for trial in the Circuit Court. A bench warrant was issued and the bond was ordered forfeited, to be payable within ninety (90) days.

3. On the 31st day of May 2010, [Financial Casualty] in the amount of $25,000.00 plus interest made payment of the bond.

---

4. The docket entries in separate traffic and narcotics cases against Spencer reflect that he was "committed" to "BCD" on April 23, 2011 and April 25, 2011. BCD is an acronym for the Baltimore County Department of Corrections. *See* www.courts.state.md.us/district/ directories/detentioncenters.pdf (last visited 2.5.13).

5. Although some entries in the record reflect April 10, 2009, to be the date that bail was set and posted, the majority of the entries reflect that date as March 9, 2009.

4. On the 3rd day of May 2011, [Spencer] was surrendered and the bail warrant was served.

At the hearing on the Petition, the following exchange occurred:

[FINANCIAL CASUALTY'S COUNSEL]: Well, your honor, ... [§ 5–208(c) of the Criminal Procedure Article], proof that he's [confined] in a correctional institution in the United States. He's in Baltimore County Detention Center.

[THE COURT]: But, I mean, the fact that they later get picked up on something. The question is what if any efforts did [the surety] have anything to do with that eventual detention? And did it, did, you know, I mean, the bail is posted to ensure their presence. When they don't show up the fact that they get arrested for something else a year or so down the road doesn't mean you get your money back, unless I'm missing something in this Statute.

[FINANCIAL CASUALTY'S COUNSEL]: Okay. Well, your honor, in the Statute I mean it's said, I mean, evidence of confinement in a correctional institution. We, we, we know—

[THE COURT]: Within 180 days.

[FINANCIAL CASUALTY'S COUNSEL]: Yes. I mean, we, we know he's incarcerated in the Baltimore County—I mean, he's here. We know he's incarcerated in the Baltimore County Detention Center. I mean, the [surety] sponsored, I mean, had people looking for him, there, diligent efforts to find him. I mean, he was just picked up on something else and a warrant was issued in May. And the warrant was served in the, it was served in May.

[THE COURT]: In this case let me look. I mean, there were different time lines on each of these. The Petition for Remission on Mr. Spencer it represents that on April 10th of 2009 bond was posted. In October he failed to appear and a warrant was issued. In May of 2010 bond was forfeited. And then a year later he was picked up on something else.

[FINANCIAL CASUALTY'S COUNSEL]: Yes. On ... May 3rd, 2011 your honor.

[THE COURT]: And he was picked up on another matter? Not brought in by any representative of the [surety], is that correct?

[FINANCIAL CASUALTY'S COUNSEL]: I believe he was picked up on another matter your honor.

[THE COURT]: Okay. I mean, I don't think [Financial Casualty] is entitled to remission under those facts. It's not within the 180 days. [He was not] picked up based upon efforts by the [surety]. He was picked up on another criminal offense and you know, almost two years down the road comes back in through the Court's custody. Um, as I read the Statute under those circumstances I don't believe that remission is appropriate.

The court entered an order denying the Petition for Remission, and Financial Casualty noted this timely appeal.

## DISCUSSION

 The issue before us involves a discrete set of facts and the application of a statute and Maryland Rule that have since been amended. The defendant, Spencer, did not appear as required in the Circuit Court for Baltimore County. Over a year later, he was "committed," after being arrested on other charges, to the Baltimore County Department of Corrections. Ultimately, he entered a plea of guilty to a charge in Baltimore County for which Financial Casualty posted the bond at issue in this case, and he was sentenced.

A bail bond is "a written obligation of a defendant, with or without a surety or collateral security, conditioned on the appearance of the defendant" before the court "as required and providing for the payment of a penalty sum according to its terms," Md. Rule 4–217(b)(1), when "the defendant fails to 'well and truly make his appearance before' the court and to answer to the charges." *Allegheny Mut. Casualty Co. v. State*, 35 Md.App. 55, 57, 368 A.2d 1032 (1977); *see also* Restatement (First) of Security § 203 (1941) ("A bail bond is a

bond to obtain the release of a person from imprisonment and to secure his appearance to answer legal process."); *Tyler v. Capitol Indem. Ins. Co.*, 206 Md. 129, 136–37, 110 A.2d 528 (1955) (The "obligation is either to produce the principal when required by the court or at such earlier date as the surety may elect or, failing to produce the principal when required by the court, to pay the sum specified in the bond."). With the posting of the bond, "the principal is released from the custody of officers of the law and is considered as being in the custody of a surety of his own selection, whose duty is to assure the principal's subsequent appearance" before the court. *Tyler*, 206 Md. at 134–35, 110 A.2d 528 (quoting Rest. § 203 comment b).

This Court has said that

[t]he purpose of the bond or security is to secure a trial, its object being to combine the administration of justice with the convenience of a person accused, but not proved, to be guilty. If the accused does not appear the bail may be forfeited, not as a punishment to the surety or to enrich the Treasury of the State[.]

*Irwin v. State*, 17 Md.App. 518, 524, 302 A.2d 688 (1973). Rather, the threat of forfeiture is an incentive to the surety to ensure the accused's timely presence at trial. *Allegheny Mut. Casualty Co.*, 35 Md.App. at 58, 368 A.2d 1032. In the event of forfeiture, the surety's incentive is redirected from *avoiding* forfeiture to seeking the "*[r]emission* of the forfeiture" by returning the absconding defendant to the jurisdiction of the court. *Allegheny Mut. Casualty Co. v. State*, 234 Md. 278, 284, 199 A.2d 201 (1964) (emphasis added). Without the possibility of remission, "there would be no inducement to the [surety] to have the defendant arrested and brought to justice." *Id.*

Section 5–208 of the Criminal Procedure Article, as in effect at the time of these proceedings, states, in pertinent part: [6]

---

6. The statute was amended, effective October 1, 2011, by H.B. 682 in the 2011 legislative session. Subsection (b)(2)(ii) now reads:

(b) *In General.*—(1) Subject to paragraph (2) of this subsection, a court that exercises criminal jurisdiction shall strike out a forfeiture of bail or collateral and discharge the underlying bail bond if the defendant can show reasonable grounds for the defendant's failure to appear.

(2) The court shall:

(i) allow a surety 90 days after the date of the defendant's failure to appear or, for good cause shown, 180 days to return [7] the defendant before requiring the payment of any forfeiture of bail or collateral; and (ii) strike out a forfeiture of bail or collateral and deduct only the actual expense incurred for the defendant's arrest, apprehension, or surrender, if:

1. the defendant is returned; and

2. the arrest, apprehension, or surrender occurs more than 90 days *after* the defendant's failure to appear or at the end of the period that the court allows to return the defendant.

(c) *Confinement of defendant.*—Evidence of confinement of a fugitive defendant in a correctional facility in the United States is a wholly sufficient ground to strike out a forfeiture,[8] if assurance is given that the defendant will come

---

The court shall strike out a forfeiture of bail or collateral and deduct only the actual expense incurred for the defendant's arrest, apprehension, or surrender, if:
1. the surety paid the forfeiture of bail or collateral during the period allowed for the return of the defendant under subparagraph (i) of this paragraph;
2. the defendant is returned; and
3. the arrest, apprehension, or surrender occurs more than 90 days after the defendant's failure to appear or at the end of the period that the court allows to return the defendant.

7. " '[R]eturn' means to place in the custody of a police officer, sheriff, or other commissioned law enforcement officer who is authorized to make arrests within the jurisdiction of the court." Md. Crim Proc. § 5–208(a).

8. Although Maryland courts have held, under earlier iterations of the statute, that the defendant's incarceration *at the time of forfeiture* will strike a forfeiture, *see Irwin*, 17 Md.App. at 524, 302 A.2d 688; *Tyler,*

back to the jurisdiction of the court on expiration of the sentence at no expense to the State, county, or municipal corporation.

Maryland Rule 4–217 ("Bail bonds."), as in effect at the time of these proceedings, states, in pertinent part:

(f) **Condition of bail bond.** The condition of any bail bond taken pursuant to this Rule shall be that the defendant personally appear as required in any court in which the charges are pending, or in which a charging document may be filed based on the same acts or transactions, or to which the action may be transferred, removed, or if from the District Court, appealed, and that the bail bond shall continue in effect until discharged pursuant to section (j) of this Rule.

\* \* \*

(i) **Forfeiture of bond.** (1) On defendant's failure to appear—Issuance of warrant. If a defendant fails to appear as required, the court shall order forfeiture of the bail bond and issuance of a warrant for the defendant's arrest. The clerk shall promptly notify any surety on the defendant's bond, and the State's Attorney, of the forfeiture of the bond and the issuance of the warrant.

(2) Striking out forfeiture for cause. If the defendant or surety can show reasonable grounds for the defendant's failure to appear, notwithstanding Rule 2–535, the court shall (A) strike out the forfeiture in whole or in part; and (B) set aside any judgment entered thereon pursuant to subsection (4)(A) of this section, and (C) order the remission in whole or in part of the penalty sum paid pursuant to subsection (3) of this section.

---

206 Md. at 138–39, 110 A.2d 528, we note that H.B. 840 from the 1994 legislative session amended the statute by deleting the phrase "at the time of forfeiture" from the predecessor to subsection (c). According to the Bill Analysis and Floor Report, the purpose was to "eliminate[ ] a requirement that a defendant be incarcerated at the time of forfeiture in order for a forfeiture to be stricken."

(3) Satisfaction of forfeiture. Within 90 days from the date the defendant fails to appear, which time the court may extend to 180 days upon good cause shown, a surety shall satisfy any order of forfeiture, either by producing the defendant in court or by paying the penalty sum of the bond. If the defendant is produced within such time by the State, the court shall require the surety to pay the expenses of the State in producing the defendant and shall treat the order of the forfeiture satisfied with respect to the remainder of the penalty sum.

(4) Enforcement of forfeiture. If an order of forfeiture has not been stricken or satisfied within 90 days after the defendant's failure to appear, or within 180 days if the time has been extended, the clerk shall forthwith:

(A) enter the order of forfeiture as a judgment in favor of the governmental entity that is entitled by statute to receive the forfeiture and against the defendant and surety, if any, for the amount of the penalty sum of the bail bond, with interest from the date of forfeiture and costs including any costs of recording, less any amount that may have been deposited as collateral security; and

(B) cause the judgment to be recorded and indexed among the civil judgment records of the circuit court of the county; and

(C) prepare, attest, and deliver or forward to any bail bond commissioner appointed pursuant to Rule 16–817, to the State's Attorney, to the Chief Clerk of the District Court, and to the surety, if any, a true copy of the docket entries in the cause, showing the entry and recording of the judgment against the defendant and surety, if any.

Enforcement of the judgment shall be by the State's Attorney in accordance with those provisions of the rules relating to the enforcement of judgments.

(5) Subsequent appearance of defendant. When the defendant is produced in court after the period allowed under subsection (3) of this section, the surety may apply for the refund of any penalty sum paid in satisfaction of the forfei-

ture less any expenses permitted by law. If the penalty sum has not been paid, the court, on application of the surety and payment of any expenses permitted by law, shall strike the judgment against the surety entered as a result of the forfeiture.[9]

■ The Rule and the statute "complement each other," *Irwin*, 17 Md.App. at 524, 302 A.2d 688, and "must be read together." *Allegheny Mut. Ins. Co. v. State*, 50 Md.App. 169, 172, 436 A.2d 515 (1981). As we read the applicable provisions of the statute and rule, when "a defendant fails to appear as required, the court shall order forfeiture of the bail bond and issuance of a warrant for the defendant's arrest." Md. Rule 4–217(i)(1); *see also* Md. Crim. Proc. § 5–208(b)(2)(i). The surety has, however, 90 [10] "or, for good cause shown, 180 days to return the defendant before requiring the payment of any forfeiture of bail or collateral[.]" Md.Crim. Proc. § 5–208(b)(2)(i).[11] More specifically, the Rule provides:

Within 90 days from the date the defendant fails to appear, which time the court may extend to 180 days upon good cause shown, a surety shall satisfy any order of forfeiture, either by producing the defendant in court or by paying the penalty sum of the bond. If the defendant is produced

---

9. The Rule was amended effective January 1, 2013. Subsection (i)(5) now reads:

(5) Subsequent appearance of defendant. When the defendant is produced in court after the period allowed under subsection (3) of this section, the surety may apply for the refund of any penalty sum paid in satisfaction of the forfeiture less any expenses permitted by law. The court shall strike out a forfeiture of bail or collateral and deduct only the actual expense incurred for the defendant's arrest, apprehension, or surrender provided that the surety paid the forfeiture of bail or collateral during the period allowed for the return of the defendant under subsection (3) of this section.

10. "That ninety (90) days commences when the case is called, the defendant fails to appear, and the court announces the forfeiture." *Allegheny Mut. Casualty Co.*, 35 Md.App. at 55, 368 A.2d 1032.

11. A defendant's failure to surrender within 30 days after forfeiture is a misdemeanor crime and may subject the defendant to punishment for contempt. *See* Md.Crim. Proc. § 5–211.

within such time by the State, the court shall require the surety to pay the expenses of the State in producing the defendant and shall treat the order of the forfeiture satisfied with respect to the remainder of the penalty sum. Md. Rule 4–217(i)(3); *see also Prof'l Bail Bonds, Inc. v. State*, 185 Md.App. 226, 230, 968 A.2d 1136 (2009) ("Before an order of forfeiture is finally entered as a judgment in favor of the pertinent government entity, the defendant or the defendant's surety has a grace period of 90 days (which may be extended to 180 days) within which to avoid most of the adverse consequences of the forfeiture").

If the forfeiture order is not satisfied during the 90/180 day period, an order of forfeiture shall be entered and recorded as a judgment against the defendant and the surety in the amount of the penalty sum in addition to interest and costs. *See id.* 4–217(i)(4).

When, as here, the defendant is produced in court *after* the 90/180 day period, "the surety may apply for the refund of any penalty sum paid in satisfaction of the forfeiture less any expenses permitted by law." *Id.* 4–217(i)(5). In that event, the court "*shall* ... strike out a forfeiture of bail or collateral and deduct only the actual expense incurred for the defendant's arrest, apprehension, or surrender." Md.Crim. Proc. § 5–208(b)(2) (emphasis added).[12] If, on the other hand, "the penalty sum has not been paid, the court, on application of the surety and payment of any expenses permitted by law, shall" set aside the judgment. Md. Rule 4–217(i)(5).

In *Allegheny Mut. Ins. Co. v. State*, 50 Md.App. 169, 436 A.2d 515 (1981), this Court interpreted art. 27, § 616½(d)(1) of the Maryland Code—a statutory predecessor to § 5–208—which provided:

Any court exercising criminal jurisdiction shall strike out a forfeiture of bail or collateral where the defendant can show reasonable grounds for his nonappearance. However the

---

12. Clearly, any deduction is based on the expenses incurred by the State, and not the surety, in returning the defendant to the court.

court shall allow a surety 90 days, or for good cause shown, 180 days from the date of failure to appear to produce the defendant in court before requiring the payment of any forfeiture of bail or collateral. *The court shall strike out a forfeiture of bail or collateral deducting only the actual expense incurred for the defendant's arrest, apprehension, or surrender if the defendant is produced in court and if the arrest, apprehension, or surrender occurs more than 90 days after the defendant's failure to appear, or at the termination of the period allowed by the court to produce the defendant.*

(Emphasis added).

We commented:

The third sentence of the statute . . . contains the legislative mandate that the court *shall* strike forfeiture if a defendant is produced in court more than 90 days after his initial "failure to appear."

Thus, the way the statute is phrased, if the surrender to the court of the defendant occurs . . . *after* the 90 day period, the court has no discretion to exercise, and it *must* strike the forfeiture.[13]

*Id.* at 173, 436 A.2d 515 (emphasis added).

Financial Casualty argues that it "spent a great deal of time and money trying to locate [Spencer] and bring him into

---

**13.** Similarly, the "Current Law" section of the Fiscal and Policy Note for H.B. 682, which amended the statute in 2011, states:

A court is *required* to strike out a forfeiture of bail or collateral and discharge the underlying bail bond if . . . the defendant is returned to the custody of law enforcement and the arrest, apprehension, or surrender occurs more than 90 days after the defendant's failure to appear or at the end of the period that the court allows to return the defendant.

(Emphasis added).

That is consistent with H.B.2074 from the 1976 legislative session, which provided, in pertinent part:

The court shall strike out a forfeiture of bail or collateral deducting only the actual expense incurred for the defendant's arrest, apprehension, or surrender if the defendant is produced in court and if the arrest, apprehension, or surrender occurs more than 90 days after the

custody of the law and Jurisdiction of this Court," and that because it "provided proof that [Spencer] was incarcerated in a penal institution," the circuit court "erred in holding the bond forfeiture should be reduced to Judgment. . . ." The State replies that "[b]ecause Financial Casualty played no role in [Spencer's] return to court, the circuit court's decision denying the petition for remission was neither arbitrary nor unreasonable and should be affirmed." In the State's view, "[a] defendant without any reasonable grounds for failing to appear on his trial date does not acquire a 'wholly sufficient ground' for striking the forfeiture by virtue of his commission of subsequent offenses after he fails to appear and the bond is forfeited."

We do not find persuasive the State's argument that, "[b]ecause Financial Casualty played no role in [Spencer's] return to court, the circuit court's decision denying the petition for remission was neither arbitrary nor unreasonable and should be affirmed." Certainly, the trial court's determination that Spencer was not "picked up based upon efforts by" Financial Casualty is not clearly erroneous and it appears to be correct. That fact, however, does not appear to be particularly relevant in considering whether to refund the penalty sum, "less any expenses permitted by law," Md. Rule 4–217(i)(5), and to strike out a forfeiture.

Based on our reading of the then-applicable statute, rule, and caselaw, the court could not refuse remission of some portion of the penalty sum when the defendant was produced in court *after* the 90/180 day period. Whether the defendant is produced through the efforts of the State, the surety, or the

---

defendant's failure to appear or at the termination of the period allowed by the court to produce the defendant.

The fiscal note for that bill states:

This bill would allow any court exercising criminal jurisdiction to remit part or all of the bail forfeited when a defendant fails to appear if the defendant surrenders or is apprehended or arrested more than 90 days after he fails to appear and only deduct actual expense incurred for his surrender, apprehension, or arrest *if he is unable to show reasonable grounds for his nonappearance.*

(Emphasis added).

voluntary act of the defendant, the surety is entitled to a refund of the penalty sum less any expenses permitted by law.[14] On remand, the court should determine what, if any, "actual expense [was] incurred for [Spencer's] arrest, apprehension, or surrender," Md.Crim. Proc. § 5–208(b)(2)(ii), and remit the penalty sum less that amount.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY BALTIMORE COUNTY.**

---

**14.** Had this case been decided under the revised statute, *see supra* n. 6, and the revised rule, *see supra* n. 9, the surety would not have been entitled to a refund. Under the revised scheme, when a defendant is returned to the jurisdiction of the court *after* the 90/180 day period, a refund is only appropriate if the penalty sum was paid *during* the 90–180 day period. Here, bail was forfeited on October 15, 2009, and the surety was given until January 14, 2010, to satisfy the forfeiture by either producing Spencer or paying the penalty sum on the bond. According to the petition for remission, the $25,000 judgment entered on March 31, 2010, was not paid until May 31, 2010.